|, PETTIGREW, Judge,
dissenting.
I respectfully dissent from the majority.
The term “historical fact of a guilty plea” is not used anywhere in Louisiana R.S. 27:76. This is a jurisprudentially created term. Louisiana R.S. 27:76 provides, in part, as follows.
The division shall not award a license or permit to any person who is disqualified on the basis of any of the following criteria:
[[Image here]]
(3) The conviction of or a plea of guilty or nolo contendere by the applicant, or of any person required to be qualified under this Chapter as a condition of a license, for an offense punishable by imprisonment of more than one year.
The statute uses present tense terminology, not past tense terminology. No where does the statute attempt to define exactly what constitutes a “conviction,” or a “plea of guilty,” or what is meant by “nolo contendere.” No where does the gaming law specifically repeal other state statutes and laws concerning these terms. To find thedefinitions of “conviction,” “plea, of guilty” or “nolo .contendere,” we must look to other laws of the State of Louisiana, including, but not limited to, the Louisiana Code of Criminal Procedure and other state statutes dealing with criminal law. In the instant case, these statutes include, but are not limited to, the former La. R.S. 40:983, which was repealed in 1995.
| ^Former La. R.S. 40:983, in part, provides:
A. Whenever any person'who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having Violated ... R.S. 40:967(C) .:. the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
[[Image here]]
C. Upon fulfillment of the terms and conditions of probation imposed ... the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime ....
La. R.S. 40:983 (emphasis added) (repealed by Acts 1995, No. 1251, § 2).
In the case of Louisiana State Bar Association v. Reis, 513 So.2d 1173, 1176 (La.1987), the Louisiana Supreme Court held that a dismissal of prosecution pursuant to La. R.S. 40:983 is tantamount to an acquittal. If a dismissal in this fashion is *686 in fact an acquittal, then there is no guilty plea, legal or otherwise, and such a plea cannot be used against Mr. Waddell.
Unlike the factual situations presented to this Court in the recent decisions of Cantanese v. La. Gaming Control Board, 97-1426 (La.App. 1 Cir. 5-15-98) 712 So.2d 666, writ denied, 98-1678 (La.10-9-98) 726 So.2d 30, and Eicher v. La. State Police Riverboat Gaming Enforcement Division, 97-0121 (La.App. 1 Cir. 2-20-98) 710 So.2d 799, writ denied, 98-0780 (La.5-8-98) 719 So.2d 51, Mr. Waddell, the applicant in the instant case, was never convicted. Additionally, the hearing officer’s recommendation, and more recently, the decision of the Board, do not turn on evidence of a conviction, but rather, “the historical fact of the guilty plea,” which terminology is not used in La. R.S. 27:76.
The majority opinion relies on the language of La. R.S. 40:983, paragraph A, and assumes that Mr. Waddell entered a guilty plea when he pled under 40:988, following his arrest on November 17, 1989. The evidence in the record of this proceeding is contrary to that position. The State failed to offer any ¡ ..evidence that Mr. Waddell did in fact plead guilty, while both Mr. Waddell and his attorney offered evidence that he did not.
It has been my experience that so-called “best interest” pleas are often entered in the district court despite the language of a particular statute. In a “best interest” plea, there is neither an admission of guilt, nor a plea of guilty. If the State is going to deny Mr. Waddell a gaming permit based upon the “historical fact of a guilty plea”, then once Mr. Waddell introduced evidence to the contrary (that he in fact did not enter a guilty plea), it became the State’s burden to prove that he did. The State has failed to carry its burden in this case.
I am further of the opinion that La. R.S. 27:76(3) is unconstitutional as it also contravenes Article 1, Section 20, of the Louisiana Constitution of 1974. To prohibit an individual such as Mr. Waddell, who was never convicted of a crime, from ever holding a gaming employee permit, constitutes excessive and unusual punishment and contravention of said constitutional provision.
Therefore, for the above foregoing reasons, I respectfully dissent from the majority’s opinion in this case. In my opinion, the judgment of the trial court should be affirmed.